TREE-MARK SHOE COMPANY, Plaintiff, *v.* JOSEPH SCHWARTZ, Individually and as President of Local No. 1268, International Clerks' Protective Association, CHARLES SCHRAM, " JOHN DOE," Said Name " John Doe " Being Fictitious, True Name Unknown to Plaintiff, President of Retail Shoe Salesmen's Union of Manhattan, Defendants.

Supreme Court, New York County, January 29, 1931.

*William W. Conrad* [*Samuel Rubin* of counsel], for the plaintiff.

*Kopp, Markewich & Null* [*Harry Kopp, Samuel Null* and *Arthur J. Garfinkel* of counsel], for the defendants.

FRANKENTHALER, J. It appears to be the settled law of this State that the right of a labor union to picket " is not affected by the fact that no strike is in progress in any of the plaintiff's shops." (*Nann* v. *Raimist*, 255 N. Y. 307.) The Court of Appeals there declared that it was " committed " to the doctrine that picketing *per se* was not to be condemned as an illegal act although no strike existed, citing its prior decision in *Exchange Bakery & Restaurant, Inc.,* v. *Rifkin* (245 N. Y. 260).

The court referred to " defendant's indubitable right to win converts over to its fold by recourse to peaceable persuasion," and even to induce them by like methods to renounce allegiance to a rival union, and added: " Recent decisions of this court have established that fundamental right too emphatically and forcefully to make further vindication needful." (P. 319.)

The evidence indicates, however, that the conduct of the defendants here has transcended the limits of lawful and proper picketing. Although the testimony falls short of sustaining a finding that the picketing was attended by violence, it does establish that free entrance to the plaintiff's place of business was obstructed, that words of intimidation were used and that the signs carried by the

pickets, as well as oral statements made by them to prospective customers, were untrue. The plaintiff had not refused to employ union salesmen, as the signs announced, nor was there a strike in progress, as the pickets informed passers-by.

" Where unlawful picketing has been continued; where violence and intimidation have been used, and where misstatements as to the employers' business have been distributed, a broad injunction prohibiting all picketing may be granted " (*Exchange Bakery & Restaurant, Inc., v. Rifkin, supra*, at p. 269) on the theory that the course of conduct is such " as to indicate danger of njury to property if any picketing whatever is allowed " (Id.). In *Nann v. Raimist* (*supra*) the defendant had violated an injunction against acts of violence and disorder and against the use of false and misleading signs. The Court of Appeals stated that " in view of this record of defiance " it was for the trial court in the exercise of a wise discretion to determine whether to give the defendant still another chance to picket; that " ' It becomes a question for the judgment of the Chancellor who has heard the witnesses, familiarized himself with the *locus in quo* and observed the tendencies to disturbance and conflict.' "

Although the present defendants have transgressed beyond the bounds of the proper and the legitimate, their conduct has in the court's opinion not been so flagrant or disorderly as to " indicate the danger of injury to property if any picketing whatever is allowed." (*Exchange Bakery & Restaurant, Inc., v. Rifkin, supra.*) The acts of these defendants are not at all comparable, for example, to those which impelled the trial court in *Nann v. Raimist* (*supra*) to issue an injunction against all picketing. In that case, in defiance of a restraining order, innocent workmen had been beaten and picketing had been accompanied by violence and falsehood, " spreading terror with a strong hand and a multitude of people." In affirming, the Court of Appeals emphasized the fact that it could not interfere with the decree of the trial court except for a manifest abuse so gross as to amount to a defect of power, and it intimated that in its opinion a less sweeping prohibition would have been more suitable. " An injunction does not issue in such circumstances as punishment for the past. (*Iron Molders' Union* v. *Allis-Chalmers Co.*, 166 Fed. 45, 49; Frankfurter & Greene, The Labor Injunction, p. 116.) Its only legitimate end is protection for the future. Not improbably a writ could have been framed whereby the desired end would have been attained by prohibitions less complete. We might have preferred such restraints if we had been exercising the powers of a chancellor."

If doubt existed as to the wisdom of the decree in the case referred

to, it would seem *a fortiori*, that the record here furnishes insufficient basis for a perpetual restraint against all picketing by the defendants.

It is true that the temporary injunction granted at Special Term and affirmed upon appeal may be construed as broad enough to bar even peaceable and orderly picketing. The affidavits upon which it was granted, however, contain charges of violence and disorder which the testimony at the trial convinces me were in part unfounded and in part grossly exaggerated.

The plaintiff will be awarded a decree restraining all acts of obstruction and disorder, as well as the use of false or misleading signs, but the defendants will be permitted to picket peaceably, with leave, however, to the plaintiff to apply for the elimination of this provision in the event that subsequent acts of the defendants warrant such relief.

In concluding, reference should be made to the plaintiff's attempt to distinguish the nature of its business from that for which the members of defendant union have been trained. The defendants, however, disclaim any desire to unionize any of the plaintiff's employees other than the ordinary salesmen, and the duties of the latter, the evidence indicates, could be taught to the members of the union without much difficulty (assuming that the plaintiff's salesmen did not themselves join the union).

The motions to strike out, and the motion to dismiss the complaint, upon which decision was reserved, are denied with appropriate exceptions. Settle decision and judgment.